Carlos T. COOPER, Jr., D.P.M., and E. Joseph Daniels, D.P.M., Plaintiffs,

v.

FORSYTH COUNTY HOSPITAL AUTHORITY, INC., Jack P. Barrier, Marian F. Brower, Harley P. Graves, J. Clifton Harper, Kap H. Halverson, Kenneth A. Johnson, Eugene Rossitch, G. Dee Smith, Ann Spencer, Raymond D. Thomas, Martha J. Young, Individually and as Trustees of Forsyth County Hospital Authority, Inc., and William F. Folds, M.D., David Nelson, M.D., William F. Sayers, M.D., Louis Shaffner, M.D., Individually and as Trustees of Forsyth County Hospital Authority, Inc., and George Podgorny, M.D., Robert Means, M.D., Jeff B. Helms, M.D., and Frank E. Pollock, M.D., Kenneth G. Tomberlin, M.D., John T. Hayes, M.D., Richard P. Rose, M.D., Robert G. Underdal, M.D., Isabel Bittinger, M.D., and Jerome E. Jennings, M.D., Defendants,

and

The Medical Society of the State of North Carolina and the North Carolina Orthopedic Association, Additional Defendants.

No. C–83–75–WS.

United States District Court,
M.D. North Carolina,
Winston-Salem Division.

March 14, 1985.

**686**

T. Paul Hendrick and Hamilton C. Horton, Jr., Winston-Salem, N.C., for plaintiffs.

Thomas E. Harris, New Bern, N.C., Roddey M. Ligon, Jr., Winston-Salem, N.C., Samuel G. Thompson and John H. Anderson, Raleigh, N.C., J. Robert Elster, George L. Little, Jr., and F. Joseph Treacy, Jr., Winston-Salem, N.C., for defendants.

## MEMORANDUM OPINION

ERWIN, District Judge.

### Statement of the Case

This cause came on for hearing on December 21, 1984 at the United States Courthouse in Greensboro upon motions filed by all parties in the case. Plaintiffs are licensed podiatrists who are doing business in Forsyth County. In their amended complaint, plaintiffs allege that the defendants combined and conspired to restrain trade and commerce in violation of Sections 1 and 2 of the Sherman Act in that plaintiffs were denied hospital privileges. 15 U.S.C. §§ 1 and 2. Plaintiffs contend that defendants' actions constitute a group boycott and an illegal tying arrangement. Plaintiffs further allege that defendants have violated N.C.Gen.Stat. §§ 75–1 and 75–2, and N.C.Gen.Stat. § 131–126.11A. All parties have filed cross-motions for summary judgment with supporting briefs, affidavits, and exhibits.

The court finds that there is no genuine dispute as to any material facts and that this action may be disposed of by summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. After careful review of the extensive record compiled in this case and for the reasons stated herein, the court denies plaintiffs' partial motion for summary judgment and grants the summary judgment motions of defendants Forsyth County Hospital Authority, Inc. (Forsyth Memorial Hospital), its Trustees and Bylaws Committee, the individual defendants Pollock, Tomberlin, Hayes, Rose, Underdal, Bittinger, and Jennings, and defendant North Carolina Orthopedic Association, Inc.

### Facts

Forsyth Memorial Hospital, a public general hospital with approximately 724 beds, is accredited by the Joint Commission on the Accreditation of Hospitals. The bylaws of the Medical-Dental Staff of Forsyth Memorial Hospital (Forsyth Memorial) provides: "Membership on the Medical-Dental Staff of Forsyth Memorial Hospital is a privilege which shall be extended only to professionally competent physicians and dentists who continuously meet the qualifications, standards, and requirements set forth in these Bylaws." (Article III, Section 1.) On April 21, 1980, plaintiffs applied for staff privileges at Forsyth Memorial.

After conducting hearings with respect to the question of whether or not the bylaws should be amended to allow plaintiffs to have surgical privileges, the Bylaws Committee made a report dated August 5, 1980 in which it recommended against a change in the bylaws. Thereafter, the Executive Committee of the Medical-Dental Staff voted unanimously to adopt the Bylaws Committee's recommendation. On October 14, 1980, the Board of Trustees

also voted unanimously to adopt the Bylaws Committee recommendation. Additionally, the Board of Trustees referred the matter to the Joint Conference Committee which also recommended unanimously that the bylaws not be amended. The matter was returned to the Board of Trustees which renewed its recommendation.

Plaintiffs again applied for staff privileges in September 1981. On January 5, 1982, the Executive Committee and the Credentials Committee of the Medical-Dental Staff recommended the denial of plaintiffs application for clinical privileges. Hearings were held by an Ad Hoc Hearing Committee concerning plaintiffs' applications, and the Board of Trustees approved the recommendation of the Executive and Credentials Committee on February 9, 1982.

#### Defendants Forsyth County Hospital Authority Inc. Board of Trustees, and Bylaws Committee

#### Section 1 Violation—Group Boycott

Plaintiffs contend that defendants' illegal concerted actions resulting in a group boycott were the refusal to amend the bylaws to allow podiatrists to have staff privileges at Forsyth Memorial and the denial of the plaintiffs' individual applications for staff privileges at Forsyth Memorial. Defendants, on the other hand, contend that their actions were based on the good faith judgment that high quality care requires that surgery performed at Forsyth Memorial only be performed by physicians educated and trained to treat the whole person.

■ The standard of review for a determination of alleged antitrust violations arising out of a denial of hospital staff privileges is the "rule of reason." *See Hospital Building Company v. Trustees of Rex Hospital,* 691 F.2d 678 (4th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 231, 78 L.Ed.2d 224 (1983) (No. 82–1762). Thus, plaintiffs must prove that defendants' actions violated Section 1 of the Sherman Act; such violation will not be presumed. The court has carefully reviewed the transcript of the meeting of the Board of Trustees on February 9, 1982, the tran-

script of the meeting of the Bylaws Committee on July 9, 1980, and the transcript of the Bylaws Committee meeting on June 3, 1980, and concludes that defendants' actions were taken in good faith and were not an unreasonable restraint on trade under the circumstances.

North Carolina General Statute § 90–202.2 defines podiatry as follows: "The surgical or medical or mechanical treatment of all ailments of the human foot, except the amputation of the foot or toes or the administration of an anesthetic other than local and except the correction of club-foot deformity and triple arthrodesis." The bylaws of Forsyth Memorial permit only allopathic physicians and dentist to become members of the Medical-Dental Staff, and only members of the Medical-Dental Staff have clinical privileges at Forsyth Memorial. After plaintiff's first application for staff privileges at Forsyth Memorial in 1980, the president of the Medical-Dental Staff appointed a Bylaws Committee. The Bylaws Committee conducted three public hearings before issuing a report recommending against a change in the bylaws.

■ After plaintiffs' second application for staff privileges at Forsyth Memorial in late 1981, the Credentials Committee of the Medical-Dental Staff reviewed the plaintiffs' applications individually and with particular emphasis on their education and training. The Credentials Committee recommended to the Executive Committee that plaintiffs' application for surgical and admitting privileges at Forsyth Memorial be denied. The committee advised plaintiffs, however, that the Credentials Committee would consider plaintiffs' application for non-surgical allied health privileges if plaintiffs desired to apply for such privileges. (Plaintiffs' Exhibit 15, Deposition of William F. Folds, Chairman of the Credentials Committee.) The court finds that, as the governing body of Forsyth Memorial, the Board of Trustees and its delegated committees had a duty to insure that the hospital provide quality patient care and that the actions by the Board and the By-

laws Committee were in response to this duty.

*Section 1 Violation—Illegal Tying Arrangement*

■ Plaintiffs contend that defendants have engaged in an illegal typing arrangement which is a *per se* violation of Section 1 of the Sherman Act. Like the group boycott claim, plaintiffs fail to provide a factual basis for such a finding. Plaintiffs contend that the tying product is foot care at Forsyth Memorial and that the tied product is medical care rendered by orthopedists at the hospital. The United States Supreme Court in *Jefferson Parish Hospital v. Hyde*, —— U.S. ——, 104 S.Ct. 1551, 1558, 80 L.Ed.2d 2 (1984), states that "the essential characteristic of an invalid tying arrangement lies in the seller's exploitation of its control over the tying product to force the buyer into the purchase of a tied product that the buyer either did not want at all, or might have preferred to purchase elsewhere on different terms." The record is void of any evidence that defendants force patients to receive foot care only by orthopedists at Forsyth Memorial or that denying podiatrists staff privileges at Forsyth Memorial unreasonably restrained competition for foot care in any defined geographic market.

*State Statutory Violations—N.C.Gen. Stat. §§ 75–1 and 75–2 and N.C.Gen.Stat. § 131–126.11A*

Plaintiffs also allege that defendants' actions constitute violations of North Carolina "antitrust" statutes as well as the clear mandate of N.C.Gen.Stat. § 131–126.11A. For the reasons stated above as to why defendants are entitled to summary judgment on plaintiffs' claim under Sections 1 and 2 of the Sherman Act, defendants are also entitled to summary judgment under N.C.Gen.Stat. §§ 75–1 and 75–2.

■ Plaintiffs claim under N.C.Gen.Stat. § 131–126.11A may also be summarily dismissed. This statute, which outlines factors a governing body should consider in determining whether licensed physicians

and practitioners are granted staff privileges at a hospital, also includes the proviso: "Nothing in this article shall be deemed to mandate hospitals to grant or deny to any parties privileges to practice in said hospitals." Plaintiffs have failed to demonstrate in any manner that defendants disregarded the factors to be considered in denying plaintiffs staff privileges at Forsyth Memorial. Without such a showing, no violation of N.C.Gen.Stat. § 131–126.11A exists.

*Defendant North Carolina Orthopedic Association*

■ Defendant North Carolina Orthopedic Association, Inc. (Association) is a state-wide, non-profit corporation which meets twice a year. In October 1975, the Association adopted a resolution opposing the practice of podiatry in a hospital setting in response to a report on podiatry legislation. In 1984, the Association formally adopted the position that the hospital practice of podiatry be determined at the local level. Plaintiffs contend that the Association combined and conspired with the other defendants to commit a violation of Sections 1 and 2 of the Sherman Act, Sections 75–1 and 75–2 of the North Carolina General Statutes, and the clear mandate of North Carolina General Statute § 131–126.11A. Thus, defendant North Carolina Orthopedic Association's presence in this lawsuit is purely on the basis of its alleged conspiratorial activities. The court finds, however, that although plaintiffs attempt to show that the Association met on several occasions and discussed the issue of podiatrists gaining hospital staff privileges, this evidence in itself is insufficient to support a reasonable inference of any conspiracy.

The individual orthopedic defendants have filed affidavits denying that they engaged in any conspiratorial conduct with the Board of Trustees of Forsyth Memorial Hospital or any other defendant. In their affidavits, these defendants explain why they opposed a change in the hospital's bylaws and that they were not representing the Association in their opposition to a

change in the bylaws. As the United States Supreme Court in *Monsanto Co. v. Spray-Rite Service Corp.*, —— U.S. ——, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984), noted, there is a basic distinction between concerted and independent action; independent action is not proscribed under Section 1 of the Sherman Act. In order to prevail on a conspiracy claim, plaintiffs must present evidence that "excludes the possibility that [defendants] were acting independently." —— U.S. at ——, 104 S.Ct. at 1471. The court finds that plaintiffs have failed to establish any evidence of a conspiracy on the part of the Association with any other defendants and that defendant North Carolina Orthopedic Association is entitled to summary judgment on all claims as a matter of law.

*Defendants Pollock, Tomberlin, Hayes, Rose, Underdal, Bittinger, and Jennings*

Plaintiffs allege that these individual defendants are allopathic physicians who specialize in orthopedics and who compete with plaintiffs in the treatment of the feet. Also, these defendants have staff privileges at Forsyth Memorial. The court has found that no conspiracy existed against plaintiffs to deny them staff privileges at Forsyth Memorial. Accordingly, these defendants are also entitled to summary judgment on all plaintiffs' claims as a matter of law.

Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the summary judgment motions of defendants Forsyth County Hospital Authority, Inc., its Trustees and Bylaws Committee; individual defendants Pollock, Tomberlin, Hayes, Rose, Underdal, Bittinger, and Jennings; and defendant North Carolina Orthopedic Association, Inc. are GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for partial summary judgment is DENIED. In view of the court's rulings, defendants' motion to strike is denied as moot. A judgment will be entered contemporaneously with this Memorandum Opinion dismissing this action with prejudice as to all defendants. All parties are to bear their own costs.